[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs owners of a tenement building have brought suit against the defendant corporation alleging that they contracted with the defendant to clean and drain their sewer pipes; that the defendant undertook to do so and that as a result of the defendant's negligence the instrument used by the defendant became lodged in the pipe, that thereafter they had to hire a contractor to dig up the pipe to retrieve the instrument, all of which caused them damages.
The facts are found as follows. On January 20th, 1986 the plaintiff found their lateral sewer lines were draining slowly and called the defendant to correct the situation. The defendant in the business of cleaning blocked sewer lines and pipes came to the plaintiffs' premises inserted an instrument called a snake which consists of a wire one inch in diameter, and composed of eight foot lengths with various heads attached to the front end. The rear end is attached to a machine which rotates the snake and pushes it into the pipe as the eight foot sections are added. The defendant's employee used a spear head type of front end which is the recommended head for the initial insertion of the snake. The employee kept adding the eight foot sections and pushing them into the lateral sewer drain. Subsequently the snake became stuck in the main and no method used by the defendant was able to dislodge it. All this time the plaintiffs' problem of a backup of sewage onto the area around the eave drain pipes persisted and caused problems for the plaintiffs' tenants. When the defendant was unable to CT Page 2394 remove the snake on Saturday, the day it began to work, and on the following Monday, the plaintiffs had a contractor dig up the sewer pipe. The plaintiff Carlos Fereira told the contractor where to dig to find their sewer lateral pipe however, it was not located where he directed them to dig. Subsequently it was located in a nearby area and excavated into the street fronting on the plaintiffs' house. At that point the lateral sewer was broken into and the snake recovered by pulling one portion from the lateral pipe running from the house to the break and pulling the rest from the break to the city water main into which it had penetrated. No reason for the snake getting stuck was ever discovered, and the plaintiffs' problem with their lateral sewer pipe was solved by the construction of a new lateral sewer line from the plaintiffs' house to the city water main at a cost of $5,000.00. The plaintiffs claim that the defendant was negligent in inserting too long a snake into the sewer system, and although the snake inserted did reach the city water main no proof was ever shown that the snake was too long and that its length caused it to stick or that entering the city water main caused the problem. In fact as has been previously stated the plaintiffs never proved what the cause was of the stuck snake. The defendant in trying to unclog the system complied with the usual standard procedure for unclogging lateral sewer systems, however the snake did get stuck and the defendant was unable to retrieve it. This was the only time that the defendant's employee, who inserted the snake, was unable to retrieve a snake.
The plaintiffs under their complaint were required to prove that the defendant was negligent in its performance of the unclogging of the lateral sewer line. Their claim under the complaint is that the snake inserted was too long and that that caused the problem. On the trial the plaintiffs also claimed that the defendant's employee failure to keep his hands physically on the machine inserting the snake or if he kept his hands on the machine his failure to detect the snake running into a problem constituted negligence.
Negligence may be defined as the failure to use or exercise due care or reasonable care which is that amount of care which a reasonably prudent person would use or exercise under the same circumstances and conditions. Negligence is doing something which a reasonable prudent person would not do under the same circumstances and conditions or it may be the failure to do something which a reasonably prudent person would do under the same circumstances and conditions. "Negligence is conduct which creates an undue risk of harm to others" Logan v. Greenwich Hospital Assn., 191 Conn. 282, 299. "Negligence is a breach of duty' . . . It is important to distinguish CT Page 2395 between the existence of a duty and the violation of that duty." Shore v. Stonington, 187 Conn. 147. "The existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute or from circumstances under which a reasonable person knowing what he knew or should have known would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., 186 Conn. 370,375. "Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of the actual harm suffered by the victim." Coburn v. Lenox Homes, Inc., supra 372.
The defendant did owe a duty to the plaintiffs to proceed with due care and the evidence discloses that it proceeded with the usual method of operation performed by cleaners of clogged pipes, by entering into the plaintiffs' lateral sewer system at a logical place outside the premises where the sewer effluent was overflowing. The employee thereafter hand fed the snake into the sewer system by adding eight foot sections until the machine was required. He performed the duty owed to the plaintiffs. There is no evidence to demonstrate that anything done by the defendant or which it failed to do constituted negligence. It has not been shown that the length of the snake inserted caused the snake to be stuck in the lateral sewer nor that the failure of the defendant's employee to physically keep his hands on the machine caused the snake to get stuck or that if his hands were on the machine he failed to sense a problem which caused the snake to stick. In fact there is no proof that his hands were or were not on the machine. The entire evidence in the case fails to demonstrate that the defendant was negligent by its actions or its failure to act. Not only is there a failure to demonstrate such proof by a preponderance of the evidence, but there is no evidence to demonstrate negligence.
Judgment may enter for the defendant together with costs of the action.
IRVING LEVINE, STATE TRIAL REFEREE.